UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| THOMAS PARKER, | ) |
| Petitioner, | ) |
| v. | ) CIVIL ACTION |
| | ) NO. 12-10978-WGY |
| COMMONWEALTH OF MASSACHUSETTS, | ) |
| Respondent. | ) |

MEMORANDUM AND ORDER

YOUNG, D.J.                                                March 1, 2013

I.  **INTRODUCTION**

Thomas Parker ("Parker") brings this petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his conviction for indecent assault and battery in the Massachusetts Superior Court ("Superior Court"), sitting in and for the County of Middlesex.  See Pet. Relief Conviction Sentence Person State Custody ("Pet.") 6, 8, ECF No. 1.  Parker presents two grounds for relief rooted in the Sixth Amendment of the United States Constitution: ineffective assistance of counsel and denial of his right to confrontation.  See id.  Parker's keystone argument is that he was denied his right to confront his accuser because the victim in his assault and battery conviction did not appear at

trial.  See Pet., Attach. 1, Pet. Writ Habeas Corpus ¶5 at 3-5, ECF No. 1-1.  The respondent, the Commonwealth of Massachusetts (the "Commonwealth"), moves to dismiss Parker's petition, asserting that it is time-barred under 28 U.S.C. § 2244(d)(1). Resp't's Mot. Dismiss Pet. Writ Habeas Corpus, ECF No. 3; Mem. Law Supp. Resp't's Mot. Dismiss. Pet. Writ Habeas Corpus ("Mot."), ECF No. 4.

**A.   Procedural Posture**

On November 2, 2006, after a jury-waived trial, Parker was convicted on one count of indecent assault and battery and five counts of assault and battery.  See Commonwealth v. Parker, No. 08-P-1061, 2009 WL 1940142 (Mass. App. Ct. July 8, 2009).  The Massachusetts Appeals Court affirmed Parker's convictions on July 8, 2009, in an unpublished opinion.  See id.  The Massachusetts Supreme Judicial Court denied Parker's subsequent application to obtain further appellate review on September 10, 2009.  See Commonwealth v. Parker, 454 Mass. 1111 (2009) (mem.).  On February 22, 2010, Parker filed his first habeas corpus petition. See Pet. Writ Habeas Corpus, ECF No. 1, Docket No. 10-cv-10302 (D. Mass.) (Saris, J.).[1]  On April 28, 2010, Parker's petition was dismissed for failure to exhaust state court remedies.  See Order Dismissal, ECF No. 12, Docket No. 10-cv-10302 (D. Mass.)

---

[1] This citation form relates to Parker's first habeas corpus petition.

(Saris, J.); Resp't's Mot. Dismiss Pet. Writ Habeas Corpus, ECF No. 7, Docket No. 10-cv-10302 (D. Mass.) (Saris, J.). While this habeas corpus petition was pending, Parker filed a motion for a new trial in the Superior Court on April 7, 2010. See App. 178-79; Mot. 4. After the Superior Court denied Parker's motion, he appealed to the Massachusetts Appeals Court, which on April 6, 2011, affirmed the Superior Court's denial. See Commonwealth v. Parker, No. 10-P-1158, 2011 WL 1252572 (Mass. App. Ct. Apr. 6, 2011). On June 8, 2011, the Supreme Judicial Court again denied Parker's application for further appellate review. See Commonwealth v. Parker, 460 Mass. 1103 (2011) (mem.). On June 1, 2012, Parker filed his second habeas corpus petition, and the Commonwealth moved to dismiss it as time-barred. See Pet.; Mot. 1.

  **B. Factual Background[2]**

Parker was a State trooper and a driving test examiner at the Registry of Motor Vehicles ("RMV") in Watertown, Massachusetts. On May 24, 2000, Mary[3] escorted Jane to the RMV, where Jane was taking the road test for her driver's license.

---

[2] This factual recitation is drawn from the July 8, 2009, Massachusetts Appeals Court's unpublished opinion in Parker's first appeal. See Parker, 2009 WL 1940142, at *1; see also App. 127. These facts are "presumed to be correct under 28 U.S.C. § 2254(e)(1)." Gunter v. Maloney, 291 F.3d 74, 76 (1st Cir. 2002).

[3] Except for Parker, all of the parties' names are pseudonyms. See Parker, 2009 WL 1940142, at *1 n.1.

Parker sat in the front passenger seat to administer the test, Jane sat behind the wheel, and Mary sat in the back seat.  Mary was wearing open-toes sandals and pantyhose.  Parker told Mary to take off her sandals, relax, and place her feet on the console.  Mary complied with Parker's request.  Parker tried to engage in a conversation with the women, asserting that he could assist them with speeding or parking tickets.  He then handed Jane a signed piece of paper indicating that the test was over and that she had passed, and subsequently started touching, and later kissing and licking, Mary's feet.  Jane, observing Mary through the rear view mirror, noted that she appeared worried and disturbed.  Mary, however, did not remove her feet.  After returning to the RMV, Mary was visibly affected by the incident but said that she did not want to report it.

Anne, a driving instructor, regularly met Parker at the RMV when taking her students for road tests.  Parker's relationship with Anne escalated from friendly to invasive when Parker made various indecent comments to Anne and touched her.  Parker stopped Anne's car in 1997 on Soldier's Field Road.  Parker got in Anne's car and kissed and touched her without her consent.  Afterwards Anne continued going to the RMV for road tests while successfully avoiding Parker.

After a jury-waived trial, Parker was convicted on one count of indecent assault and battery and five counts of assault and battery for these events.

### C. Federal Jurisdiction

This Court may exercise jurisdiction over Parker's petition for habeas corpus pursuant to 28 U.S.C. § 2254.

## II. ANALYSIS

### A. The Antiterrorism and Effective Death Penalty Act

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a district court will consider a petition for a writ of habeas corpus if the petitioner asserts he is in state custody pursuant to a state court judgment "in violation of the Constitution or laws or treaties of the United States." See 28 U.S.C. § 2254(a). A habeas corpus petition may be granted only if the state court decision contravened or unreasonably applied well-settled federal law as interpreted by the Supreme Court of the United States. Id. § 2254(d)(1).

When a state court applies a rule contrary to clearly established Supreme Court case law or reaches a different outcome when confronted with "a set of facts that are materially indistinguishable" from those in Supreme Court precedent, such a decision contravenes well-settled federal law. Williams v. Taylor, 529 U.S. 362, 406 (2000) (O'Connor, J., concurring in part and concurring in the judgment); see id. at 405-06. Even

where a state court applies a correct Supreme Court legal ruling, an objectively unreasonable application of that rule ought result in granting a habeas corpus petition.  Id. at 409, 413.

**B.   Parker's Petition Is Time Barred**

The Commonwealth moved to dismiss Parker's petition, arguing that the inflexible one-year statute of limitations under AEDPA bars his habeas corpus petition.  See Mot. 6; see also 28 U.S.C. § 2244(d)(1)(A).  The one-year period starts running from the date on which "the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  Parker suggests in his brief that his return to state court, seeking a cure for the exhaustion defect that doomed his first habeas petition, reset the limitations period.  See Opp'n Pet'r Mot. Dismiss 2, ECF No. 9.  It is well established, however, that although the tolling provision in 28 U.S.C. § 2244(d)(2) carves out the time during which a post-conviction state relief application is pending, new applications do not restart the one-year statute of limitations.  See McGuinness v. Pepe, 150 F. Supp. 2d 227, 233 n.13 (D. Mass. 2001) (citing Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000) (per curiam)).  Thus, this Court has to consider the number of days that no post-conviction proceeding was pending to determine whether Parker's petition was timely filed.  See 28 U.S.C. § 2244(d)(1)(A), (d)(2).  The statute of limitations began to run

on September 10, 2009, the date on which Parker's convictions became final because the Supreme Judicial Court denied further appellate review.  Ninety days later, on December 9, 2009, the time to seek a writ of certiorari from the Supreme Court expired. See Sup. Ct. R. 13.  The statute of limitations then ran for 118 days until April 7, 2010, when Parker filed his motion for a new trial in the Superior Court.  See App. 11; see also 28 U.S.C. § 2244(d)(1)(A), (d)(2).  The clock started ticking again after June 8, 2011, when the Supreme Judicial Court denied Parker's request for further appellate review.  See App. 12.  On this second occasion, the period during which Parker could have sought certiorari from the Supreme Court is excluded from tolling the statute.  See David v. Hall, 318 F.3d 343, 345 (1st Cir. 2003) (holding that neither  28 U.S.C. § 2244(d) nor the policy it inspired warrants this addition of time).  Parker's current petition, filed on June 1, 2012, arrived 359 days after the statutory period started running again on June 9, 2011.  See Pet. Thus, Parker missed the one-year mark by more than three months when one accounts for the previous 118 days when no state action was pending.  See McGuinness, 150 F. Supp. 2d at 235 (dismissing petitioner's habeas corpus application as untimely).

    The Massachusetts Appeals Court held Parker's confrontation clause claim to be meritless, for his constitutional right extends to confronting only the witnesses actually called to

testify against him, not his victim as he claims.  See Parker, 2011 WL 1252572, at *1.  Since Parker's ineffective assistance of counsel claim prescinds directly from his confrontation clause claim, it appears that, even had Parker timely filed, his habeas corpus petition could not prosper.  See Mello v. DiPaulo, 295 F.3d 137, 142 (1st Cir. 2002) (holding that on a habeas corpus petition for ineffective assistance of counsel, a petitioner must show that the Supreme Judicial Court's adjudication of his constitutional claim contravenes clearly established federal law).

### III. CONCLUSION

Parker's habeas corpus petition, ECF No. 1, was filed untimely and is therefore DENIED, and the Commonwealth's motion to dismiss, ECF No. 4, is GRANTED.

SO ORDERED.

/s/ William G. Young
WILLIAM G. YOUNG
DISTRICT JUDGE